UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE No.

GAIL CAUDLE

    Plaintiff,

vs.

BELK, INC.,
d/b/a Belk at Lake City Mall

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Gail Caudle, by and through her undersigned counsel, hereby sues Defendant, Belk, Inc. doing business as Belk at Lake City Mall for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

3. Defendant Belk, Inc. is authorized to conduct and is conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Gail Caudle ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as she is disabled with CRPS in her left hip and thigh (following hip surgery) and with CRPS in her right lower leg and foot (following ankle surgery), which spasms and pain cause her to be unable to walk, as she is also unable to put any weight on her right leg or foot. Consequently, Plaintiff utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant, Belk, Inc. ("Defendant") is a foreign for-profit corporation authorized to transact business in the state of Florida. Belk, Inc. is a privately held corporation incorporated in Delaware but based in Charlotte, North Carolina. There are approximately 300 Belk stores operating in 16 of the continental United States.

## FACTS

6. Belk stores and www.belk.com offer apparel, shoes, accessories, cosmetics, home furnishings, and a wedding registry. On information and belief,

Defendant owns and operates[1] the Belk department store within the Lake City Mall regional shopping center located at 2533 West US Highway 90, Lake City, Florida 32055 which is also the address of the Lake City Mall.

7.　　As with all Belk branded department stores, the Belk at Lake City Mall is a place of public accommodation pursuant to 42 U.S.C. §§12181(7)(E) as an "other sales establishment." The Belk department store at Lake City Mall which is the subject of this complaint is also referenced as "Belk (department store)," "Belk at Lake City Mall," "department (store)," or "place of public accommodation."

8.　　As the operator of Belk brand department stores which are open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns or operates "other sales establishments" as defined in 42 U.S.C. §12182, 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9.　　Due to the close proximity to Plaintiff's home to the Lake City Mall, Plaintiff has been patronizing the Belk department store at Lake City Mall for many years.

---

[1] The Belk retail store at the Lake City Mall is listed in the Columbia County Tax Collector records as "care of Ryan LLC" however there is no Ryan LLC active and operating in Florida. A diligent search has resulted in the determination that the Belk store at the Lake City Mall is owned by Belk, Inc. though this reference is not made in the Ad Valorem Tax assessment with the Columbia County Tax Collector.

10. Due to the fact that she perambulates with the assistance of a wheelchair, Plaintiff has met barriers to access while patronizing the Belk department store at Lake City Mall. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant.

11. As the owner of Belk brand department stores, Defendant is well aware of the ADA and the need to provide for equal access in all areas of its stores. Therefore, Defendant's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Belk department store at Lake City Mall is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

12. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. Plaintiff continues to desire to patronize the Belk department store at Lake City Mall but continues to be injured in that she continues to be discriminated against due to the barriers to access within that department store which are in violation of the ADA.

14. Any and all requisite notice has been provided.

15. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services

in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

16. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 32 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

17. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

18. Prior to the filing of this lawsuit, Plaintiff personally visited the Belk department store at Lake City Mall to shop, however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a

wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

19. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at its Belk at Lake City Mall in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

20. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendant's Belk department store at Lake City Mall.

21. Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

22. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

23.   Defendant's Belk at Lake City Mall department store is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and Defendant is discriminating against Plaintiff as a result of *inter alia*, the following specific violations:

  i.   Plaintiff had difficulty closing the stall door as the accessible toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

  ii.  Plaintiff had difficulty closing the toilet compartment stall door, as the stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lb. (22.2 N). This is also a violation Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including

    door hardware, shall comply with Sections 404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finished floor or ground."

iii. Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the fact that the lavatory encroaches over the accessible water closet clear floor space. This is a violation of Section 604.3 of the 2010 Standards for Accessible Design. Section 604.3.1 states that clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall. Section 604.3.2 does not give an exception of overlap of the clear floor space with a lavatory, only associated grab bars, dispensers, sanitary napkin disposal units, coat hooks, shelves are permitted to overlap.

iv. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance because the toilet tissue dispenser is mounted under the side wall grab bar which infringes on the required space. Wall-mounted objects such as toilet tissue dispensers can interfere with the use of grab bars if placed under grab bars, which is a violation of Section 4.26.2 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between

  the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum. Further, Section 4.26.2 Fig.39 (e) demarks that the clear space under the grab bar shall be 1½ in (38 mm). In this instant case, the space between the wall and grab bar is not as required by these sections.

v.  Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance due to the seat cover dispenser placement over the rear wall grab bar. The fact that the seat cover dispenser is mounted over the rear wall grab bar impinges on the clearance is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design. Section 609.3 states that the space between the wall and the grab bar shall be 1½ inches (38 mm) and space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum.

vi.  Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to her disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design. Generally, the standards require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 inches (1220 mm) and the minimum low forward reach is 15 inches (380 mm) (see Section 4.2.5, Fig. 5(a)). However, in this instance, due to the obstruction (of the toilet) to

*Caudle v. Belk, Inc. at Lake City Mall*
*Complaint*

    the seat cover dispenser, since the high forward reach is over an obstruction, Section 4.2.5 states that reach and clearances must meet those shown in Section 4.2.5 Fig. 5(b), so that the maximum high forward reach is 46 inches (1170 mm) and the minimum low forward reach is 34 inches (865 mm), which is not provided in this instant case.

vii. Plaintiff could not use the lavatory sink outside the stall without assistance, as the lavatory sink is mounted too high. The lavatory sink is mounted over the required height to the top of the counter above the finished floor in violation of the requirements in Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface no higher than 34 inches (865 mm) above the finished floor. This is also a violation of Sections 606.3 of the 2010 ADA Standards for Accessible Design. Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34 inches above the finished floor.

viii. Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for

Accessible Design which states that water closet clearance (floor space) shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

24. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant has been required to make its Belk department store at Lake City Mall accessible to persons with disabilities since January 28, 1992, and Defendant has failed to comply with this mandate.

25. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order for Defendant to alter its Belk department store at Lake City Mall such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Gail Caudle hereby demands judgment against Defendant Belk, Inc. and requests the following injunctive and declaratory relief:

    a) The Court declare that Defendant has violated the ADA;

    b) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

    c) The Court enter an Order requiring Defendant to alter its Belk department store at Lake City Mall such that it becomes accessible to and

usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted this October 7, 2022.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Attorney for Plaintiff*